UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAMILIHIA WILLIAMS,

    Plaintiff,

v.                                                                          CASE No. 8:04-CV-2323-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

_____

O R D E R

    The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.* The decision of the Commissioner of Social Security denying the claim for disability benefits should be affirmed because her insured status expired two months before she alleges that she became disabled. However, the decision regarding the claim for supplemental security income will be reversed because its conclusion that the plaintiff did not have a severe impairment is seriously flawed.

---

    *The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 16).

I.

The plaintiff, who was twenty-six years old at the time of the administrative hearing and who has a high school education (Tr. 203), has been employed as a deli worker, fast-food restaurant attendant, telemarketer and a sales clerk (Tr. 81, 92; Doc. 17-1, p. 3).  She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to falling twice and hurting her back when she worked at a Winn Dixie store in 1996 (Tr. 80).  The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge.  The law judge found that the plaintiff does not have a severe impairment or combination of impairments that are severe (Tr. 17).  Accordingly, the law judge decided that the plaintiff was not disabled (<u>id</u>.).  The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

A.  In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). In this case, the plaintiff must show that she became disabled before her insured status expired on September 30, 2000, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). In this case, the plaintiff must show that she became disabled before her insured status expired on September 30, 2000, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 404.1520, 416.920. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c), 416.920(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a), 416.921(a). If an

impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c), 416.920(c)

When an impairment is severe, a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(f), 416.920(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in substantial numbers in the national economy. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2.

### III.

The plaintiff, as indicated, has filed two distinct claims: one for disability benefits, and one for supplemental security income. As previously explained, the plaintiff must show that she was disabled by September 30, 2000, in order to obtain disability benefits. In her application for such benefits, the plaintiff alleges that she became disabled on December 1, 2000 (Tr. 46). Thus, her application is self-defeating. Notably, the plaintiff was

represented by counsel and no request was made at the hearing, or otherwise, to amend the alleged onset date. Under these circumstances, the denial of the claim for disability benefits should be affirmed.

This conclusion, however, does not apply to the claim for supplemental security income since there is no earnings requirement for those benefits. Moreover, the decision on that claim should be reversed.

The plaintiff alleges she injured her back when she fell twice while working at Winn Dixie in 1996 (Tr. 80). She claims that, as a result of those falls, she became disabled as of December 1, 2000, due to musculoskeletal problems of her back, which causes severe back pain (Doc. 17-1). In support of this contention, a consulting orthopedic surgeon, Dr. Naresh B. Dave, opined in October 2002 that the plaintiff "has chronic low back strain" (Tr. 112).

In addition, the plaintiff suffers from obesity. Thus, at the time of the hearing she was 5'3" and weighed 268 pounds (Tr. 208).

The law judge concluded that these impairments, either singly or in combination, were not severe. Therefore, the finding under review here is not whether the plaintiff is disabled, but whether she has a severe impairment. That is a threshold inquiry that "allows only claims based on the most trivial

impairments to be rejected." McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986). The court of appeals has stated that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984).

      Although the law judge appropriately referred to the regulation defining a severe impairment (Tr. 15), it is doubtful whether he applied that definition with the gloss that has been placed upon it by the Eleventh Circuit. Thus, as the plaintiff points out, the law judge in determining that the plaintiff did not have a severe impairment referred to the absence of prescriptive narcotic medications, the absence of recommendations for surgical intervention, and the failure to follow recommendations for weight loss (Doc. 17-1, p. 8). These are factors that are normally considered in determining whether a claimant is disabled, and seem to have little bearing on whether the plaintiff has an impairment that has more than a minimal effect on the plaintiff's ability to work.

      More importantly, the Commissioner candidly, and commendably, points out that the law judge erroneously stated that "[t]here

is no indication that the [plaintiff] pursued an orthopedic referral given to her in October 2002" (Tr. 15). In fact, the plaintiff was seen by Dr. Dave. In light of this error, and the lack of any mention of Dr. Dave's report, the law judge clearly overlooked it. And the overlooking of that report amounts to a significant error.

In the first place, the error negates any reliance on a failure to follow-up on an orthopedic referral. Moreover, Dr. Dave stated that the plaintiff "has a chronic low back strain" (Tr. 112), a circumstance that would have a substantial bearing on whether the plaintiff has a severe impairment. Furthermore, Dr. Dave's report is inconsistent with the law judge's notion that "having large breasts alone is not a medically determinable impairment" (Tr. 16). Dr. Dave stated that extremely large breasts "is one of the important causes of chronic low back pain as well as midback pain" (Tr. 112). Consequently, Dr. Dave recommended surgery for reduction of the breasts (Tr. 113), so that, contrary to what the law judge said, there was a recommendation for surgery.

Further, the law judge provided only a conclusory comment in support of his determination that the plaintiff's obesity did not constitute a significant limitation on the plaintiff's ability to work (Tr. 16). It is certainly

not self-evident that a 5'3" individual weighing about 268 pounds would not be significantly affected in her ability to work. Consequently, the law judge needed to provide a cogent explanation for such a conclusion.

It is also noted that two non-examining reviewing physicians concluded that, although the plaintiff was not disabled, she at least had a severe impairment (Tr. 142, 157). While the law judge discounted these opinions, his reasons for doing so are unpersuasive. Thus, his first reason pertains to an ability to return to a specific job (which is an inquiry at step four of the sequential analysis) and his second is merely conclusory (Tr. 17).

In sum, it does not take much to meet the threshold requirement of a severe impairment. The law judge's conclusion that the plaintiff does not meet that threshold was not adequately explained and based upon a failure to consider a significant piece of evidence. Accordingly, the finding that the plaintiff does not suffer from a severe impairment will be reversed and the matter remanded for further consideration in connection with the application for supplemental security income.

The plaintiff also complains that there is no indication that the Eleventh Circuit pain standard was properly applied. Although the Commissioner points to what appears to be a credibility determination (see Tr.

16), there is nothing in the decision that reflects that the Eleventh Circuit pain standard was followed. Under the circumstances, it is unnecessary to determine whether that deficiency would warrant a reversal. Nevertheless, on remand, the Commissioner would be well-advised to eliminate any such potential argument in the future.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner, with respect to the claim for disability benefits, is AFFIRMED. With respect to the claim for supplemental security income, the decision is REVERSED, and the matter REMANDED for further consideration. The Clerk is directed to enter judgment accordingly and to close this case.

DONE and ORDERED at Tampa, Florida, this 10th day of March, 2006.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE